UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDDIE JAMES MCDOUGAL, JR.,

    Plaintiff,

    v.                                                  Case No. 23-C-99

MILWAUKEE COUNTY
HOUSE OF CORRECTION, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Freddie James McDougal, Jr., who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On March 9, 2023, the Court concluded that McDougal's complaint violated Fed. R. Civ. P. 18 and 20 in that it advanced unrelated claims against multiple sets of Defendants. The Court allowed McDougal the opportunity to file an amended complaint containing only related claims. The Court informed McDougal that if he did not file an amended complaint, the Court would dismiss those Defendants who are improperly joined in the original complaint. McDougal did not file an amended complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the

Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

McDougal sues more than forty Defendants and improperly brings unrelated claims in a single case. In addition to other purported claims, McDougal asserts that (1) he was "constantly served food he was allergic to" while at the Milwaukee County House of Correction (HOC) (now known as the Milwaukee County Community Reintegration Center), (2) he only infrequently

received his allergy diet tray while at the Milwaukee County Jail, (3) he was denied the opportunity to litigate his cases while at the HOC, resulting in the dismissal of Defendants based on his failure to prosecute, (4) he was denied legal materials and housed in unconstitutional conditions of confinement while at the jail, (5) he was knowingly exposed to COVID but was never given any cleaning or hygiene supplies and was denied medical care even after he became very sick, (6) he was denied hot meals for about a month and allowed out of his cell for only about forty-five minutes each day, (7) he was routinely denied medical and psychological services while at the jail, and (8) he was charged for visits at the jail because the jail no longer allows in-person visits or free video visits. Dkt. No. 1.

Because McDougal failed to select which of his many claims he would like to proceed with in this action, the Court will select for him. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). In the complaint's first claim, McDougal alleges that "he was constantly served food he was allergic to" while he was housed as a pretrial detainee at the HOC. According to McDougal he is allergic to beans and peanuts. McDougal asserts that he had an order for an allergy diet, but he received an allergy diet tray only about thirty times during the six months he was at the HOC. McDougal states that he talked to corrections officers who would call the kitchen, but Defendants Pricilla and Allizay would be disrespectful and would refuse to send him food that he was not allergic to. McDougal asserts that even when his tray had an allergy sticker indicating "no beans or peanuts," the tray would contain a cup of beans or a packet of peanut butter. McDougal asserts that his family called Aramark to help fix the problem, but nothing changed. According to McDougal, he became so afraid to eat that he stopped eating the food trays he was served. McDougal asserts that he lost weight, was depressed, and was constantly scared to eat anything. Dkt. No. 1 at 2-3.

The complaint's other purported claims concern events at the jail[1] or concern events at the HOC that are unrelated to McDougal's food allergy claim. Accordingly, if McDougal wants to pursue any of the other claims he asserts in his complaint, he must do so in separate lawsuits because they are not properly joined in this lawsuit.[2] The Court will dismiss all Defendants named in connection with claims that are unrelated to his allegations that he was frequently denied his food allergy tray while housed at the HOC. *See* Fed. R. Civ. P. 21.

### THE COURT'S ANALYSIS

McDougal was a pretrial detainee while at the HOC, so his claims arise under the Fourteenth Amendment. Under *Miranda v. County of Lake*, such claims are subject to the objective unreasonableness standard. 900 F.3d 335, 352 (7th Cir. 2018). Thus, to state a claim, the Court must be able to reasonably infer that Defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case" and that the challenged conduct was objectively unreasonable. *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (citations omitted). McDougal states a Fourteenth Amendment claim based on allegations that Pricilla and Allizay repeatedly refused to provide him with his ordered allergy food tray.

McDougal does not, however, state a claim against Aramark Correctional Food Services. According to McDougal, his family members called Aramark to report that McDougal was not

---

[1] Although the jail and HOC are both Milwaukee County institutions, they have separate staff and separate policies and procedures. Accordingly, the factual basis for claims arising at the jail will not overlap with the factual basis for claims arising at the HOC.

[2] The Court observes that the case *McDougal v. Penn*, Case No. 18-cv-1218-bhl, was dismissed pursuant to the parties' amended stipulation of dismissal. Dkt. No. 170. Defendants' counsel represented in a letter that as part of the settlement, McDougal released "all County Defendants and former and present employees." Dkt. No. 169. The scope of the release is unknown, but McDougal is encouraged to consult the agreement before suing County employees in a separate lawsuit. As a reminder, under the PLRA, McDougal will be required to pay the filing fee for every lawsuit he brings.

receiving food that he could safely eat, but nothing changed. It is well-settled that private entities acting to fulfill government duties "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). The official policy requirement "distinguish[es] between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Because there is no indication that there was an official policy to ignore medically ordered food restrictions, McDougal fails to state a claim against Aramark.

**IT IS THEREFORE ORDERED** that all Defendants except for Pricilla and Allizay are **DISMISSED**. McDougal does not state a claim against Aramark, and the remaining Defendants are not properly joined in this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Pricilla and Allizay pursuant to Federal Rule of Civil Procedure 4. McDougal is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Pricilla and Allizay shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Green Bay, Wisconsin this 1st day of May, 2023.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge