UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FREDDIE JAMES MCDOUGAL, JR.,

    Plaintiff,

v.                                                         Case No. 23-C-99

PRISCILLA JOHNSON, et al.,

    Defendants.

---

## DECISION AND ORDER

---

    Plaintiff Freddie James McDougal, Jr., is incarcerated at Green Bay Correctional Institution and representing himself in this 42 U.S.C. §1983 case. McDougal has been allowed to proceed on a claim that Priscilla Johnson and Alize McKinstry, members of the kitchen staff at the Milwaukee Community Reintegration Center (formerly, the Milwaukee House of Corrections), repeatedly ignored his medically ordered food restrictions and thereby violated his due process rights as a pretrial detainee. On September 1, 2023, Defendants moved for summary judgment on the ground that McDougal failed to exhaust the administrative remedies before he filed his complaint. Specifically, Defendants argue that the two grievances McDougal filed on November 17, 2021 and June 28, 2022, were filed well after the timeframe set forth in McDougal's complaint and neither grievance mentions the Defendants. Defendants further argue that, although staff responded to both grievances, McDougal did not timely appeal them. Dkt. No. 24 at 2–3.

    On October 5, 2023, McDougal responded to Defendants' summary judgment motion and explained that Defendants ignored the many grievances he filed between December 2020 and August 2021. He explains that in discovery he requested all the grievances he filed during that

period, but Defendants did not fully respond to his request. He further explains that he would purchase copies of the grievances, but he cannot afford to pay for copies. Dkt. No. 32.

Defendants filed a reply in support of their summary judgment motion on October 16, 2023. As to McDougal's assertion that Defendants had ignored many of the grievances he had filed, Defendants assert that, "[a]s explained in Defendants' response to Plaintiff's discovery requests (Dkt. 28-1), Aramark and its employees are not in possession of every complaint Plaintiff has ever filed with the Milwaukee County Jail and Plaintiff needs to collect those records from non-party entities." Dkt. No. 33. In response to McDougal's discovery request for "copies of any and all grievances, request/complaints submitted by [McDougal] from 12-14-2020 through 7-28-2021," Defendants produced a single document labeled "McDougal-000001." Dkt. No. 28-1. Further, in response to a motion to compel filed by McDougal, Defendants responded that "[t]o the extent Plaintiff is requesting the Court order Defendants to obtain documents within the possession of non-parties, such request is improper and should be denied." Dkt. No. 30 at 2.

It is well established that the "failure to exhaust is an affirmative defense, and as such the burden of proof is on the defendants to establish that administrative remedies were not exhausted . . . ." *Smallwood v. Williams*, 59 F.4th 306, 315 (7th Cir. 2023). McDougal asserts that Defendants have not proven that he failed to exhaust the administrative remedies because they focus only on grievances that he filed from November 2021 through June 2022. According to McDougal, Defendants ignore the numerous grievances he filed beginning in late 2020 through July 2021. Defendants assert that they do not have every grievance that McDougal filed and point out that they are not obligated to produce documents that are not in their possession. But Defendants' argument fails to appreciate that it is not McDougal's burden to prove that he exhausted the administrative remedies; it is Defendants' burden to prove that he did not.

Defendants cannot prove that McDougal failed to exhaust the administrative remedies if they have not reviewed all the grievances McDougal submitted. With only partial knowledge of McDougal's submitted grievances, Defendants are merely speculating that he did not exhaust, which is insufficient at summary judgment. *See, e.g.*, *Avery v. Mapco Gas Products, Inc.*, 18 F.3d 448, 453-54 (7th Cir. 1994) (however theoretically possible plaintiffs' factual theory might be, "[they] must flesh out their theory with evidence; speculation will not do").

Accordingly, the Court will deny Defendants' motion for summary judgment on exhaustion grounds, but it will do so without prejudice. If Defendants so desire, they may obtain *all* the grievances and appeals that McDougal submitted while he was housed at the Milwaukee County Community Reintegration Center (formerly the Milwaukee County House of Corrections). If after doing so they believe they can prove that McDougal failed to exhaust the administrative remedies, they may renew their motion for summary judgment on exhaustion grounds. The Court reminds Defendants of their obligation under Fed. R. Civ. P. 26(e) to supplement their responses to McDougal's discovery requests.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 23) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin this 26th day of October, 2023.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
